UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMEON BRIGGS

v.  C.A. No. 10-347 ML

A.T. WALL, et al.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On August 20, 2010, plaintiff, Simeon Briggs ("Plaintiff"), *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") complaining about the medical treatment he is receiving at the ACI (the "Complaint" or "Cmpt.") (Docket # 1). The Complaint names as defendants ("Defendants"): (i) Director of the Rhode Island Department of Corrections ("RIDOC"), A.T. Wall; (ii) Doctor Fine, RIDOC Medical Director; (iii) Doctor Achindiba, Plaintiff's ACI treating physician; (iv) Nurse Bouchard, the RIDOC Nursing Director; and (v) Nurse McCloskey, the ACI nurse to whom Plaintiff complained about his symptoms.

Plaintiff has been granted leave to proceed *in forma pauperis* in this action (Docket # 5). Accordingly, pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)") and 28 U.S.C. § 1915A ("1915A"), I have screened the Complaint. As discussed below, having found that the Complaint fails to state claims upon which relief may be granted against two of the Defendants, I have prepared this Report and Recommendation recommending dismissal of the claims against such Defendants.

## BACKGROUND

The following background is alleged in the Complaint, and is taken as true for purposes of this screening.

In February 2010, Plaintiff began experiencing problems with bowel movements and blood in his stool. He repeatedly informed the nursing staff, especially Defendant nurse McCloskey, and submitted numerous request slips asking to see a doctor. Nonetheless, the condition went untreated for months, during which time Plaintiff experienced severe pain, was unable to eat and move his bowels without pain, lost a significant amount of weight, lost blood, and felt weak.

Finally, on August 3, 2010, Plaintiff saw Defendant Dr. Achindiba. Dr. Achindiba commented on Plaintiff's weight loss and diagnosed Plaintiff's condition as a tear or laceration of his colon. Dr. Achindiba informed Plaintiff that he would need surgery. However, as of the date Plaintiff filed the Complaint, Plaintiff had neither had, nor apparently been scheduled for, surgery. Plaintiff continues to experience bleeding, severe pain, and weight loss.

According to the Complaint, (i) the RIDOC Medical Director, Defendant Dr. Fine, "allegedly told his staff that inmates are not to go to outside hospitals or on furloughs unless it is life threatening" and (ii) pursuant to RIDOC policy, Dr. Achindiba would have had to notify Dr. Fine about Plaintiff's condition.

Plaintiff urges that Defendants have violated his Eighth Amendment rights and seeks an injunction (presumably ordering Defendants to provide him with surgery or other appropriate medical care to resolve his medical condition) as well as declaratory relief and compensatory and punitive damages.

## DISCUSSION

### I.   Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used for a Rule 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal*, 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

## II. Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, although Defendants were acting under state law, as discussed below, the Complaint fails to state claims upon which relief may be granted against certain named Defendants.

## III. Eighth Amendment Claims and Supervisory Liability

The Eighth Amendment guarantees that prisoners are not subject to cruel and unusual punishment and prohibits prison officials from "deliberate indifference" to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); *Estelle*, 429 U.S. at 103-04. To establish a prison official's deliberate indifference to a prisoner's medical needs, the prisoner must demonstrate both objective and subjective elements. First, the prisoner must demonstrate that his medical needs are objectively serious, involving a substantial risk of serious harm if not properly treated. *See Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990). Second, the prisoner must establish that the official had subjective awareness of the inmate's need and consciously disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837.

Here, Plaintiff alleges (i) symptoms of severe pain, bleeding, weight loss, and weakness; (ii) a diagnosis of a torn or lacerated colon; and (iii) a recommendation of surgery, and urges that the five defendants acted with deliberate indifference to his medical needs. At this stage of the action, the allegations in the Complaint suggest that Plaintiff has objectively serious medical needs. And, Plaintiff's allegations (that (i) Dr. Achinbada has failed to follow-up on his initial diagnosis and recommendation of surgery; (ii) Nurse Bouchard ignored Plaintiff's symptoms and requests for medical attention for over five months; and (iii) Dr. Fine established a policy prohibiting treatment at outside hospitals, presumably including surgery on Plaintiff's colon, and has not made an exception for Plaintiff despite knowledge about Plaintiff's condition) suggest a conscious disregard of a substantial risk of serious harm to Plaintiff by these three Defendants.

However, the Complaint does not allege any direct misconduct by either Defendant Director Wall or Defendant Nursing Director Bouchard. In fact, the Complaint states that the claims against these two supervisors are based on a theory of respondeat superior. Cmpt. p. 1. However, only direct, rather than vicarious, liability is available in a § 1983 action. *See Sanchez*

3

*v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating "an affirmative link between the behavior of the subordinate and the action or inaction of his supervisor ... such that the supervisor's conduct led inexorably to the constitutional violation." *Maldonado v. Fontanes*, 568 F.3d 263, 275 (1st Cir. 2009) (citations and internal quotations omitted); *see also Iqbal*, 129 S.Ct. at 1949 (implying "purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action). Plaintiff fails to allege any such conduct here. Therefore, I find that the Complaint fails to state claims on which relief may be granted against Defendants Wall and Bouchard, and recommend that they be dismissed as defendants in this action.

## CONCLUSION

As stated above, I recommend that the claims against Defendants RIDOC Director A.T. Wall and Nursing Director Bouchard be DISMISSED and that they be DISMISSED as defendants in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: August 31, 2010